**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RAYMOND TYLICKI,**

           **Plaintiff,**         **1:05-CV-1574**
                                           **(GLS/RFT)**

      **v.**

**STEPHEN ST. ONGE, TODD**
**ROBECK, and CLINTON COMMUNITY**
**COLLEGE,**

           **Defendants.**[1]
_____

**APPEARANCES:**         **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Raymond Tylicki
Plaintiff, *Pro Se*
130 Genesee Street
Buffalo, New York 14203

**FOR THE DEFENDANTS:**

GIRVIN, FERLAZZO LAW FIRM    GREGG T. JOHNSON, ESQ.
20 Corporate Woods Boulevard
2nd Floor
Albany, New York 12211

**Gary L. Sharpe**
**U.S. District Judge**

---

[1]On June 6, 2006, Maurice Hickey was dismissed as a defendant in this action. *See Dkt. No. 11.*

## **MEMORANDUM-DECISION AND ORDER**

Pursuant to Federal Rule of Civil Procedure 12(c), defendants move to dismiss Raymond Tylicki's amended complaint. *See Dkt. Nos. 10, 26.* Tylicki also cross-moves to amend his complaint for a second time. *See Dkt. No. 27.* Tylicki submitted a proposed second amended complaint with his cross-motion, and the court treats that document as the operative complaint for purposes of the pending motions. Insofar as the defendants' motion is concerned, it adequately addresses several of the inadequacies in the second amended complaint. Having construed the submissions as noted, the court concludes that the second amended complaint fails to state claims upon which relief may be granted. Accordingly, defendants' motion to dismiss is granted, and Tylicki's second amended complaint is dismissed in its entirety for the reasons that follow.

Insofar as the second amended complaint attempts to assert a criminal conspiracy premised on 18 U.S.C. § 241, it must be dismissed. That section is a federal criminal statute and does not create a private right of action for any of the varied forms of relief Tylicki seeks. *See Hill v. Didio*, 05-CV-4556, 2006 WL 1788951, at *1 (2d Cir. June 20, 2006).

2

Accordingly, any ostensible claim made pursuant to 18 U.S.C. § 241 is dismissed.

Moreover, to the extent that the second amended complaint seeks relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et.seq.*, it fails as a matter of law.  Tylicki is thirty-five years old and thus does not fall within the class of individuals covered by the IDEA.  *See* 20 U.S.C. § 1412(a)(1)(A).  Accordingly, any portion of the second amended complaint seeking relief under the IDEA is dismissed.

Similarly, Tylicki's remaining disability claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12182 (ADA), and Section 504 of the Rehabilitation Act also fail to state a claim for relief.  To establish liability under Title III of the ADA,[2] a plaintiff must show that: "(1) [he] has a disability...; (2) [d]efendants are owners or operators of a place of public accommodation...; and (3) [d]efendants discriminated against [him] by denying him a full and equal opportunity to participate in [their] stores on the basis of h[is] disability."  *Stan v. Wal-Mart Stores, Inc.*, 111 F. Supp. 2d 119, 124 (N.D.N.Y. 2000).  Tylicki has not alleged facts demonstrating that

---

[2] 42 U.S.C. § 12182(a) provides, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation[.]..."  42 U.S.C. § 12182(a).

3

he was denied equal access to public programs based on defendants' discrimination.  Accordingly, any potential claims premised on violations of the ADA or Section 504 of the Rehabilitation Act are dismissed.[3]

Finally, the court notes that the second amended complaint is not a model of clarity and attempts, without success, to allege causes of action for the following: violations of Tylicki's right to travel, violations of the Takings Clause, violations of the Separation of Powers Clause, and claims for libel and slander.  Insomuch as the second amended complaint attempts to state claims based upon these legal theories, the court can discern no facts or allegations that would support such claims.

The court has now granted Tylicki two opportunities to amend his complaint, and he has failed to assert viable claims for violations of either State or federal law.  Accordingly, defendants' motion to dismiss is granted, and Tylicki's second amended complaint is dismissed in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss is granted (*Dkt. No.*

---

[3] In addition, "neither Title II of the ADA nor Section 504 of the Rehabilitation Act provides for individual capacity suits against state officials." *Garcia v. SUNY Health Sciences Ctr. for Brooklyn*, 280 F.2d 98, 107 (2d Cir. 2001).  Accordingly, all of Tylicki's claims for discrimination premised on violations of the ADA or Section 504 of the Rehabilitation Act against individual defendants St. Onge and Roenbeck are dismissed.

*26*); and it is further

**ORDERED** that the second amended complaint is **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

January 24, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge