**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RAYMOND TYLICKI,**

                **Plaintiff,**                **1:05-CV-1574**
                                                **(GLS/RFT)**

        **v.**

**STEPHEN ST. ONGE, TODD**
**ROBECK, and CLINTON COMMUNITY**
**COLLEGE,**

                **Defendants.**[1]
_____

**APPEARANCES:**            **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Raymond Tylicki
Plaintiff, *Pro Se*
130 Genesee Street
Buffalo, New York 14203

**FOR THE DEFENDANTS:**

GIRVIN, FERLAZZO LAW FIRM    GREGG T. JOHNSON, ESQ.
20 Corporate Woods Boulevard
2nd Floor
Albany, New York 12211

**Gary L. Sharpe**
**U.S. District Judge**

_____

    [1]On June 6, 2006, Maurice Hickey was dismissed as a defendant in this action.  *See Dkt. No. 11.*

## **MEMORANDUM-DECISION AND ORDER**

*Pro se* plaintiff Raymond Tylicki moves pursuant to Local Rule 7.1(g) for reconsideration of this court's January 24, 2007 decision dismissing his second amended complaint in its entirety. *See Dkt. Nos. 27, 30*. Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).[2] The moving party must "point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Generally, the prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may

---

[2]Northern District of New York Local Rule 7.1(g) provides,

> Motions for reconsideration or reargument, unless Fed. R. Civ. P. 60 otherwise governs, may be filed and served no later than TEN CALENDAR DAYS after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(b)(2)....Motions for reconsideration or reargument will be decided on submission of the papers, without oral argument, unless the Court directs otherwise.

N.D.N.Y. R. 7.1(g).

2

be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Id.* at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. "[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Gaston v. Coughlin*, 102 F. Supp. 2d 81, 83 (N.D.N.Y. 2000) (citation omitted).

    Tylicki has failed to demonstrate any of the three grounds for reconsideration. The court has reviewed the cases he has cited, but none support his request for reconsideration. He has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error.

    In sum, Tylicki has not alleged any ground that would induce the court to grant a motion for reconsideration. Instead, he reiterates the same arguments he made in his original motion papers. *See, e.g.*, *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 431

...

(S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and...explain[ed] to the Court how its analysis is 'erroneous'"); *U.S. v. Delvi*, S12-CR-74, 2004 U.S. Dist. LEXIS 1672, at *5 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). A motion for reconsideration is not an opportunity for "a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citation omitted). Accordingly, Tylicki's motion for reconsideration is denied.

    **WHEREFORE**, for the foregoing reasons, it is hereby

    **ORDERED** that Tylicki's motion for reconsideration (*Dkt. No. 32*) is **DENIED**; and it is further

    **ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

August 22, 2007
Albany, New York

*(signature)*
Gary L. Sharpe
U.S. District Judge